**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

LESLIE MAMER, on behalf of herself and others similarly situated,

     Plaintiff-Appellant,

v.

COLLIE CLUB OF AMERICA, INC.; GEORGE ROOS; PAM DURAZZANO; RITA STANCZIK; CARMEN LEONARD; JOE PURKHISER, as Officers of the Corporation, and members of the Executive Committee of the Collie Club of America, Inc., in their capacity as District Directors; JACKIE HENSEN, Alabama; DERYLEE HECIMOVICH, Alaska; RENEE MILLISON, Arkansas; LINDA LATIMER, Arizona; HELEN HUPE, Canada; REBECCA HENSON, Colorado, CAROL COLEMAN, JULIE COLEMAN, California (North); ED DEGNAR; NORMAN NICHOLSON, California (South); VIRGINIA CUNEO, Connecticut; ALLENE MCKEWEN, Florida; HELEN DENTON, Georgia; MRS. JOHN POWERS, Hawaii; JUDY DUNKLE, Idaho; LILY RUSSELL, Iowa; PATT CALDWELL; KATHY STRANG, Illinois; MARY JANE ANDERSON, Indiana; AKIRA KANDA, Japan; JANE CLYMER, Kansas; MRS. WILLIAM SKEETERS, Kentucky; KAREN O'BRIEN, Louisiana; ARNOLD WOOLF, Maine; GRACE CALABRESE, Maryland; EVELYN HONIG, Massachusetts; BERNIE HOWARD, Michigan; GLORIA HILTNER, Minnesota; JOEY PRICE, Mississippi; MARJORIE HIGGINS, Missouri; CANDI SAPP, Nebraska; LAURA LANGHAM, Nevada; ROBIN UNGANO, North Carolina; LOUIS DURAZZANO, New Hampshire; JOE RENO, New Jersey; JUDY HUMMELL, New Mexico;

No. 00-1066
(D. Colo.)
(D.Ct. No. 00-Z-50)

NANCY WOLFE, New York (East); FLORENCE BECK, New York (South); CHERLYN WICHLACZ, New York (West); JEANNE MARRE; KURT BUSSE, Ohio; PAMELA EDDY, Oklahoma; BARBARA CLEEK, Oregon; DAVID SUPPLEE, Pennsylvania (East); BARB LINDER, Pennsylvania (West); CAROL CHISHOLM, Rhode Island; LINDA AYRES TURNER KNORR, South Carolina; BETTY ABBOTT, Tennessee; PHYLLIS AUTREY, Texas (North); JANET FOLTZ, Texas (South); DIANE ANDERSON, Utah; SASKIA WHALLON, Vermont; JUDITH SMOTREL, Virginia; DOROTHY NEWKIRK, Washington; LINDA COLLELI, West Virginia; JOANNE HUFF, Wisconsin; DIRECTORS-AT-LARGE; JOHN HONIG, Massachusetts; BARBARA SCHWARTZ, New Hampshire; DORIS WERDERMANN, Tennessee; DELEGATE TO THE AKC; HAROLD SUNDSTROM, Florida,

Defendants-Appellees.

# ORDER AND JUDGMENT[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Leslie Mamer appeals *pro se* the district court's decision dismissing *sua sponte* her complaint, raising allegations of civil rights and other statutory violations. The district court dismissed the action for failure to state a claim on which relief may be granted and lack of standing. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Ms. Mamer filed her complaint against the Collie Club of America, Inc. and its various officers and committee members (hereafter "Collie Club"), claiming they violated her and other club members' federal constitutional rights under 42 U.S.C. § 1983, committed various crimes including violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, and violated various unidentified provisions of the Internal Revenue Code. Prior to the filing of any other pleadings, the district court dismissed her action, finding the complaint did not allege facts showing the officers or committee members of the Collie Club, a private organization, acted under the color of law as required by 42 U.S.C. § 1983. The district court also dismissed her criminal claims for lack of standing, explaining private citizens cannot prosecute criminal actions. Finally,

the district court found Ms. Mamer's vague references to the Internal Revenue Code insufficient to support a claim for relief.

On appeal, Ms. Mamer's argument centers on her contention the district court cannot dismiss her complaint on its own motion, or in other words, *sua sponte.* She also contends she did not intend to file a civil rights action under 42 U.S.C. § 1983, but rather under 42 U.S.C. § 1985(3), and that her reference to § 1983 in her complaint is merely a typographical error or transposed citation, which she intended to correct to read "§ 1985(3)."

We review the sufficiency of a complaint *de novo*, upholding the district court's dismissal for failure to state a claim only when the plaintiff fails to plead facts, which, if proved, would entitle her to relief. *See Perkins v. Kansas Dep't of Corrections,* 165 F.3d 803, 806 (10th Cir. 1999). Likewise, we review questions of standing *de novo. State of Utah v. Babbitt*, 137 F.3d 1193, 1203 (10th Cir. 1998). A district court may dismiss a *pro se* complaint *sua sponte* only where it is "patently obvious" the plaintiff cannot prevail on the facts alleged, and an opportunity to amend the complaint would prove futile. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation marks and citation omitted).

Our review of the record confirms the district court's decision Ms. Marmer's petition is insufficient and subject to dismissal, for "patently obvious" reasons. As the district court pointed out, a § 1983 action is inapplicable in cases where the defendants are private entities or citizens not acting under the color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). To the extend Ms. Mamer claims her reference to § 1983 constitutes a mere typographical error or transposed citation, we find her claim extremely suspect given the fact she references § 1983 at least fourteen times in the complaint, and never once refers to § 1985(3). Even if Ms. Mamer intended to assert an action under 42 U.S.C. § 1985(3), her complaint continues to fail to state a claim on which relief may be given. This is because:

> [T]o state a claim under 42 U.S.C. § 1985(3) for a non-racially motivated private conspiracy, if indeed such a claim can be stated, it is necessary to plead ... that the conspiracy is motivated by a class-based invidiously discriminatory animus [] and ... that the conspiracy is aimed at interfering with rights that by definition are protected against private, as well as official, encroachment.

*Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093 (1994). Ms. Mamer's complaint fails to even remotely plead allegations necessary to state a § 1985(3) action.

As to her allegations of criminal activity, we have concluded, as did the district court, that private citizens cannot prosecute criminal actions. *See*

-5-

*Higgins v. Neal*, 52 F.3d 337, 1995 WL 216920 at *1 (10th Cir. Apr. 12, 1995) (unpublished decision) (stating that "[b]ecause allowing private citizens to initiate prosecutions would undermine prosecutorial discretion and the authority of federal prosecutors, we conclude [the defendant] lacks standing to maintain this criminal action"). In addition, we reject Ms. Mamer's contention we should consider her criminal complaints because she generally averred to RICO which allows civil recovery. Even though we construe Ms. Mamer's *pro se* pleadings liberally, we find her general averments of facts allegedly supporting her loose reference to RICO insufficient to state a claim on which relief may be granted. *See Hall*, 935 F.2d at 1110 (10th Cir. 1981). Similarly, we find Ms. Mamer's conclusory allegations the Collie Club violated various unidentified Internal Revenue Code provisions, insufficient for the purpose of stating a claim on which relief may be granted. In sum, even a broad reading of Ms. Mamer's complaint "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Finally, we address the Collie Club's motion for sanctions against Ms. Mamer for filing a "groundless and frivolous appeal." In its motion, the Collie Club requests attorneys' fees, double costs and such other relief as deemed

appropriate.[1]  Under Federal Rule of Appellate Procedure 38, we have the power to impose sanctions for frivolous appeals, and Ms. Mamer's *pro se status* does not prohibit us from sanctioning her.  *Cf. Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993).  In this case, Ms. Mamer's primary argument on appeal attacks the district court's well-established and long-held authority to *sua sponte* dismiss a complaint under appropriate circumstances.  While this is a patently frivolous ground for appeal, we decline to impose sanctions in the instant case due to Ms. Mamer's obvious lack of legal understanding, the fact she does not have a history of frivolous appeals before this court, and given the quick dismissal by the district court, which limited Collie Club's litigation costs.  We nevertheless admonish Ms. Mamer for filing a frivolous appeal and advise that any future frivolous appeals will warrant appropriate sanctions.

For these reasons, we deny the Collie Club's motion for sanctions, **AFFIRM** the district court's dismissal of Ms. Mamer's complaint, and **DISMISS** the appeal.

---

[1] Although the district court dismissed Ms. Mamer's complaint *sua sponte*, the Collie Club points out it expended resources researching and preparing a motion to dismiss which it filed just hours prior to receiving the district court's dismissal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge